ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.* ROBERT HARRIS.

RAILROADS. *Master and servant. Injury to trespassers. Respondeat superior.*

A railroad company owes no duty to a trespasser on its trains, except to abstain from wantonly or maliciously injuring him, and if a servant of the company, while accomplishing some purpose of his own, without the scope of his duties, injure such trespasser, the company is not liable. *Railroad Co.* v. *Burke,* 53 Miss., 200, distinguished.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Appellee, a minor, by his next friend, brought this action to recover of the appellant for personal injuries. The first count of the declaration alleges that plaintiff, a passenger on one of defendant's passenger-trains, in the state of Alabama, was assaulted by the porter of the train, and was knocked from the platform to the ground, receiving the injury complained of. The second count of the declaration differs from the first only in failing to allege that plaintiff, at the time of receiving the injury, was a passenger.

On the trial, plaintiff testified that he was a passenger, having procured a ticket, which he had surrendered to the conductor; but the employes of the defendant in charge of the train contradicted this, and denied that he was a passenger on the train at the time he was injured, and their testimony, if true, would seem to show that plaintiff was injured while stealing a ride under one of the cars. Plaintiff testified that when the train was approaching Tuscaloosa, Alabama, he arose to leave the coach, and had reached the platform, when the porter of the train offered to sell him a railroad ticket, which plaintiff declined to buy, stating that he would buy his tickets from the company, whereupon plaintiff turned

to leave, when he was struck from behind by the porter, and fell senseless from the platform to the ground, and his right hand was crushed by the wheels and badly mutilated, causing the loss of four fingers.

Among other instructions given for the plaintiff were the following :

" 1. If the jury believe from the testimony that the plaintiff was on board defendant's train, as charged in the declaration, and that he was knocked off said train by an employe thereof, and injured thereby, then you should find for plaintiff, although you may believe him to be (or to have been) a vagrant negro."

" 3. If the jury believe, from the testimony, that plaintiff was on board the train of defendant on May 15, 1891, either with or without a ticket, and that, as the said train was approaching Tuscaloosa, the porter, or an employe of said defendant company, knocked the plaintiff off said train, and the plaintiff's hand was cut by the said train, then the jury should find for the plaintiff."

There was a verdict for plaintiff for $1,500, and judgment accordingly, and, after motion for new trial overruled, defendant appealed.

*Fewell & Brahan*, for appellant.

A railroad company is not liable for the wilful act of its servant beyond the scope of his general authority, unless it be proven that there was antecedent special authorization, or subsequent ratification.     Pattison's Railway Acc. Law, 112; 2 Am. & Eng. Enc. L., 754.

According to plaintiff's own testimony, the porter was accomplishing some purpose of his own, which had no necessary connection with his duty to the railroad company.    The first and second instructions for the plaintiff were, therefore, erroneous, as they permitted a recovery under the circumstances detailed by plaintiff, without regard to whether he was a passenger or a trespasser.

*Miller & Baskin*, for appellee.

The court will not disturb the verdict merely because the jury could or ought to have found a different verdict. There is evidence to sustain it, and it matters not that there were conflicts in the testimony. The court below, having opportunity to hear the witnesses and observe their manner, refused to set aside the verdict, and this court will not do so, if there be any admissible theory in the case, upon which the verdict can be regarded as not against the law and the evidence. *McCann* v. *Meehan*, 53 Wis., 541; *Gamblin* v. *State*, 45 Miss., 658; *Buckingham* v. *Walker*, 48 *Ib.*, 609. The verdict should stand, unless it is manifest, from the whole record, that it was clearly wrong, or unless the misdirections of the court, or errors apparent on the record, may have produced it. *McAlexander* v. *Puryear*, 48 Miss., 420. See, also, *Solomon* v. *Compress Co.*, 69 Miss., 319.

The duty which defendant owed to plaintiff is tersely set out in *Weightman* v. *Railway Co.*, 70 Miss., 563.

*John W. Fewell*, for appellant, made an oral argument.

WOODS, J., delivered the opinion of the court.

The rule of accountability of the master for the wanton or malicious misconduct of his servant, declared in the first and third instructions given for the plaintiff below, is erroneous. According to these instructions, no matter whether the person injured was a passenger or a trespasser, the railroad company was liable for the wilful misconduct of its servant; and no matter whether the act complained of was done in the discharge of the servant's duty within the line of his employment, or whether he was accomplishing some private and personal design of his own wholly dissociated from his duty to his master. These instructions confound the duty of the common carrier to passengers with that to those not passengers—trespassers. The former it is under contractual duty to carry safely; to the latter it owes no other duty than

that resting upon every human or artificial being, viz.: abstention from wanton or malicious injury..

The rule announced in the case of Burke is applicable only in certain particular instances where the contract duty to safely carry exists. We have seen no authority for extending that rule to those whom the carrier is under no obligation to carry at all; and we have declared, in the case of *Royston* v. *Railroad Co.*, 67 Miss., that we would not extend it. As to trespassers, the rule is that for wanton and malicious injuries the master is liable where the act complained of was done by the servant in the discharge of his duty to, and within the line of his employment by, the master; but if he was accomplishing some purpose of his own, which had no connection with the discharge of his duty to his master, the doctrine of *respondeat superior* has no application.

To the trespasser on its trains, just as to the trespasser on its tracks, the railroad company owes precisely the same duty which it owes to all mankind; and this duty is exactly that which each man owes to every other, viz.; abstention from wanton and wilful injury in the use of one's own property. But is a railway company, unlike all other beings, unlike all other masters, to be held to accountability for the wanton and wilful misconduct of its servants, done outside the line of their employment and their duty, and in no way connected therewith, and that, too, to strangers, trespassers, it may be? Shall the railway company be made liable for such acts, done, perchance, by a disobedient servant, and in disregard of his duty to his master?

We adhere to the reasonable and just rule of affixing legal liability where the master is shown to be responsible for his servant's act, done in the discharge of his duty, within the scope of his employment; and this rule is of force in the case at bar, where the carrier was under no contractual obligation to carry safely. Therefore, for the errors in the instruction named, the judgment of the court below is

*Reversed, and the cause remanded for a new trial.*